## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KEVIN LEE CRISEL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-24-01113-JD |
| | ) | |
| TERRY TUGGLE, Warden | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Before the Court is the Report and Recommendation ("R. & R.") of United States Magistrate Judge Shon T. Erwin, recommending that the Court deny Petitioner Kevin Lee Crisel's ("Petitioner") petition for habeas corpus relief. [Doc. No. 21]. Petitioner filed timely objections to the R. & R. [Doc. No. 22]. For the reasons outlined below, the Court accepts the R. & R.

## I.  BACKGROUND

Petitioner is currently incarcerated and initiated this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. [Doc. No. 11 at 5].[1] Petitioner was convicted of one count of Enabling Child Sexual Abuse. [*Id.* at 7]. Petitioner appealed his conviction to the Oklahoma Court of Criminal Appeals ("OCCA"), which denied him relief. [*Id.*].

Prior to his conviction, Petitioner was charged with Lewd or Indecent Acts to a Child Under 12, relating to allegations that he had sexually molested A.C. [*Id.* at 8].

---

[1] In this order, the Court uses page numbering from the CM/ECF stamp at the top of the filing on the district court docket.

During that trial, the jury heard testimony from A.C. and also from a group of siblings, known as the Kelleys, that Petitioner had molested them. [*Id.*]. The jury acquitted Petitioner. [*Id.*].

At Petitioner's trial for Enabling Child Sexual Abuse, the court allowed four women to testify that the Petitioner raped and molested them when they were minors. [*Id.* at 11–13, 18–19 (describing the testimony of the Kelley sisters and Jessica Juneau at Petitioner's Enabling Child Sexual Abuse trial)]. The court admitted the testimony under 12 Okla. Stat. § 2404(B) and instructed the jury that it could only consider the evidence for motive. [*Id.* at 19]. On appeal, Petitioner asserted that the trial court improperly admitted the evidence under state evidentiary rules and that the admission of the evidence violated his due process rights under the Fourteenth Amendment because the admission of the evidence was so prejudicial it rendered the trial fundamentally unfair. [*Id.*]. Petitioner also asserted ineffective assistance of counsel upon appeal. [*Id.* at 24]. The OCCA affirmed the conviction and sentence of Petitioner. [Doc. No. 16-1].

Petitioner initiated this habeas action asserting two reasons why his conviction is unlawful. First, Petitioner argues that the introduction of evidence of past sexual assaults rendered his trial fundamentally unfair in violation of the Fourteenth Amendment. [Doc. No. 11 at 18–23]. Second, Petitioner asserts that he was denied effective assistance of counsel in violation of the Sixth and Fourteenth Amendments because (1) his counsel failed to introduce evidence that bolstered Petitioner's credibility and (2) his counsel

declined to introduce evidence that he was acquitted of prior sexual assaults. [*Id.* at 24–29]. Respondent filed a response in opposition. [Doc. No. 16].[2]

In accordance with 28 U.S.C. § 636, the Court referred this case to Judge Erwin for preliminary review. [Doc. No. 3]. Concluding that the OCCA adjudicated Petitioner's Fourteenth Amendment due process claim on the merits, the R. & R. determined that the OCCA's decision is entitled to deference. [Doc. No. 21 at 11–13]. The R. & R. then concluded that Petitioner had not met his burden of demonstrating that the OCCA unreasonably applied clearly established federal law pertaining to his claim regarding the admission of prejudicial evidence. [*Id.* at 15–19]. The R. & R. determined "[t]he admission of the other-acts evidence did not render Petitioner's trial fundamentally unfair in light of the entire record." [*Id.* at 16]. Next, the R. & R. determined that deficiencies complained of in Petitioner's ineffective assistance of counsel claims amounted to trial strategy, and that, even if those decisions constituted deficient representation, Petitioner had not demonstrated that he suffered prejudice as a result. [*Id.* at 22–24].

The R. & R. recommends that the Court deny Petitioner's habeas petition and advised Petitioner of his right to object by October 23, 2025. [*Id.* at 24].

Petitioner timely filed objections to the R. & R. [Doc. No. 22]. First, Petitioner objects to the R. & R's conclusion that the OCCA opinion is entitled to deference because Petitioner argues the opinion was decided on state law grounds and did not address Petitioner's Fourteenth Amendment due process claim. [*Id.* at 10–11]. Second, Petitioner

---

[2] Respondent states Petitioner's federal habeas claims are "timely and exhausted." [*Id.* at 13 ¶ 5].

argues that the trial court's admission of evidence of Petitioner's prior sexual assaults was objectively unreasonable. [*Id.* at 11–14]. Third, Petitioner objects to the R. & R.'s conclusion that trial counsel's failure to introduce a letter bolstering Petitioner's credibility was attributable to trial strategy. [*Id.* at 15–17]. Fourth, Petitioner objects to the R. & R.'s finding that trial counsel's failure to introduce evidence of Petitioner's prior acquittal was trial strategy and argues that failure was prejudicial. [*Id.* at 17–19].

## II.    <u>STANDARD OF REVIEW</u>

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). The Court reviews de novo the objected-to portions of the R. & R. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

The Court addresses each of Petitioner's objections below.

## III.    <u>ANALYSIS</u>

### A.    **The R. & R. correctly addressed Petitioner's due process claim.**

The Court turns first to Petitioner's objections to the R. & R.'s conclusions regarding his Fourteenth Amendment due process claim pertaining to the admission of testimony of Petitioner's prior sexual assaults.

Petitioner's first objection is that the R. & R. incorrectly concluded the OCCA is

entitled to deference. [Doc. No. 22 at 6–7, 10–11]. Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), when the state court has adjudicated an issue on the merits, the reviewing federal court must give that opinion deference, limiting its review to whether the decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Petitioner argues that the OCCA opinion was based upon principles of state law and did not address his Fourteenth Amendment claim, thus OCCA did not decide the issue upon the merits. [Doc. No. 22 at 7]. As outlined in the R. & R., the OCCA opinion referenced the *Horn* factors for considering whether propensity evidence is more prejudicial than probative and concluded the trial court properly admitted the evidence. [Doc. No. 16-1 at 5–6 (citing *Horn v. State*, 2009 OK CR 7, ¶ 40, 204 P.3d 777, 786)]. The OCCA opinion did not explicitly reference Petitioner's Fourteenth Amendment claim regarding the sexual assault evidence. However, the Supreme Court has stated that "[w]hen a state court rejects a federal claim without expressly addressing that claim, a federal habeas court must presume that the federal claim was adjudicated on the merits— but that presumption can in some limited circumstances be rebutted." *Johnson v. Williams*, 568 U.S. 289, 301 (2013). Accordingly, the Court presumes the OCCA adjudicated Petitioner's Fourteenth Amendment claim on the merits, and Petitioner has the opportunity to rebut that presumption. The argument that Petitioner presents to rebut the presumption is that "the OCCA decision cited exclusively to state court evidentiary

5

rules, and its analysis consisted of whether the trial court applied those rules when admitting the evidence; not whether the trial was fundamentally unfair." [Doc. No. 22 at 11]. The fact that the OCCA did not reference the Fourteenth Amendment claim and cited state law in support of its decision is insufficient to rebut the presumption that the OCCA decided the claim on the merits. The Supreme Court has clearly stated that trial courts have numerous reasons to not explicitly address a claim. *Johnson*, 568 U.S. at 298 (outlining reasons why state courts might not "discuss separately every single claim"). The Court, therefore, overrules this objection to the R. & R.

Petitioner next objects to the R. & R.'s conclusion that Petitioner failed to carry his burden to demonstrate that the OCCA unreasonably applied clearly established federal law. [Doc. No. 22 at 11–14]. Having determined that the OCCA opinion is entitled to deference, the Court's review is limited to whether the decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Petitioner clearly identifies that he is proceeding under the former ground. [Doc. No. 22 at 12 ("The decision was an unreasonable application of clearly established law that some evidence is too prejudicial for a fair trial.")]. Petitioner cites *Andrew v. White* as controlling precedent that the admission of evidence so unduly prejudicial that it renders the trial fundamentally unfair violates the Due Process Clause of the Fourteenth Amendment. [Doc. No. 22 at 12 (citing *Andrew v. White*, 604 U.S. 86 (2025))]. Petitioner asserts that the OCCA opinion was an unreasonable application of

6

this principle and objects to the R. & R.'s conclusion that it was not an unreasonable application. [Doc. No. 22 at 12–14].

Contrary to Petitioner's objection that the R. & R. failed to properly consider his argument in light of *Andrew*, 604 U.S. 86, that the admission of prejudicial evidence can render a trial fundamentally unfair, the R. & R. specifically addressed this claim, stating as follows:

> The admission of unduly prejudicial evidence rendering the trial fundamentally unfair violates the Fourteenth Amendment. So the question presented in these habeas proceedings is not whether this evidence was admissible under state law, but instead whether, considered in light of the entire record, its admission resulted in a fundamentally unfair trial. In making this inquiry, a federal court must tread gingerly and exercise considerable self-restraint because a fundamental-fairness analysis is not subject to clearly definable legal elements. The admission of the other-acts evidence did not render Petitioner's trial fundamentally unfair in light of the entire record.

[Doc. No. 21 at 16 (internal quotation marks, alterations, and citations omitted)]. The Court finds that the R. & R. reviewed Petitioner's claim under the correct standard, as annunciated in *Andrew*, and concluded that the evidence of Petitioner's other sexual assaults did not render the trial fundamentally unfair.

The Court's role is to make a de novo determination of the objected-to portions of the R. & R. *See* 28 U.S.C. § 636(b)(1). The issue the Court must resolve is whether Petitioner has carried his burden of demonstrating the OCCA opinion was an unreasonable application of clearly established federal law. As correctly stated by the R. & R., "[t]o do so, he must show 'there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents.'" [Doc.

No. 21 at 16 (quoting *Harrington v. Richter*, 562 U.S. 86, 102 (2011)). Having conducted a de novo review of the record, the Court cannot conclude that the OCCA's decision regarding the sexual assault evidence conflicts with Supreme Court precedent. Based upon the testimony against Petitioner at trial and the limiting instruction the jury received, the Court agrees with the conclusion of the R. & R. that "a fairminded jurist could agree that the other-acts evidence did not render Petitioner's trial fundamentally unfair." [Doc. No. 21 at 18]. The Court, therefore, overrules Petitioner's objection to this portion of the R. & R.

**B.    The R. & R. correctly addressed Petitioner's ineffective assistance of counsel claims.**

The Court next turns to Petitioner's objections to the R. & R.'s conclusions regarding his ineffective assistance of counsel claims. Petitioner brings ineffective assistance of counsel claims based on two grounds.

First, at his trial, the prosecutor accused Petitioner of lying when he stated that his employer had suspended him without pay. [Doc. No. 22 at 15–16]. Petitioner asserts that his counsel had evidence (a letter) supporting that Petitioner's employer had, in fact, suspended him, rather than terminated him as the prosecutor claimed. [*Id.*]. Petitioner objects to the R. & R.'s attribution of this decision as "trial strategy." [*Id.* at 16–17].

Second, at his trial, when the court allowed testimony about his prior sexual assaults, Petitioner's counsel did not introduce evidence that Petitioner had been acquitted on charges related to those assaults. [*Id.* at 17–18]. Petitioner objects to the R. & R.'s classification of this decision as "trial strategy" and argues that counsel's failure

to introduce the evidence of his acquittal prejudiced him at trial. [*Id.*].

As outlined in the R. & R., claims of ineffective assistance of counsel in violation of the Sixth Amendment are analyzed under the familiar two-part test established by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). "First, [Petitioner] must show that counsel's performance was deficient." *Id.* at 687. To satisfy this prong, Petitioner must show that his attorney's performance "fell below an objective standard of reasonableness" or, in other words, that counsel's performance was "not within the range of competence demanded of attorneys in criminal cases." *Id.* at 687–88 (internal quotation marks and citation omitted). A strong presumption that counsel acted reasonably exists, and counsel's performance will not be deemed deficient if it "might be considered sound trial strategy." *Id.* at 689 (citation omitted). Second, Petitioner must show that, but for counsel's errors, a reasonable probability exists that the result of the proceeding would have been different. *See id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* "In making this determination, a court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury." *Id.* at 695.

Also outlined in the R. & R., when reviewing whether the OCCA applied the *Strickland* standard in an objectively reasonable manner, the OCCA's decision is entitled to double deference. [Doc. No. 21 at 21 (citing *Harrington*, 562 U.S. at 105 ("The standards created by *Strickland* and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so[.]") (internal quotation marks and citations omitted))].

Turning to the first ground for Petitioner's ineffective assistance of counsel claim, Petitioner objects to the R. & R.'s conclusion that the decision to not introduce evidence that Petitioner was suspended from his job was trial strategy. [Doc. No. 22 at 15–16]. The Court does not have to address this objection because Petitioner does not object to the R. & R.'s conclusion that Petitioner was not prejudiced by his counsel's failure to introduce the letter regarding his suspension. [Doc. No. 21 at 23 ("Even if counsel did perform deficiently in not presenting the letter, Petitioner suffered no prejudice.")]. Even assuming Petitioner's objection is well-founded, Petitioner cannot succeed upon his ineffective assistance of counsel claim unless he shows a reasonable probability that the result of his trial would have been different if not for his counsel's error. Since Petitioner does not object to the R. & R.'s finding of lack of prejudice, he cannot succeed upon his claim for ineffective assistance of counsel on this ground.

The Court next addresses Petitioner's objection to the R. & R.'s conclusion regarding his counsel's decision to not introduce evidence of his acquittal. Petitioner first attacks the R. & R.'s classification of his counsel's conduct as trial strategy. [Doc. No. 22 at 18 ("There is no universe where this would be considered sound trial strategy.")]. However, the Supreme Court has instructed that "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689 (internal quotation marks omitted). With this principle in mind, the Court cannot conclude that the OCCA's decision that Petitioner had not met his

10

burden of proof regarding demonstrating his counsel was ineffective is an unreasonable application of federal law. [Doc. No. 16-1 at 9 ("[W]e find that Appellant has not shown clear and convincing evidence suggesting a strong possibility that trial counsel was ineffective for failing to challenge the rebuttal witness or for making a strategic decision not to inform the jury of Appellant's acquittal on other charges.)].[3] The Court agrees with the R. & R. that Petitioner has not overcome the presumption that counsel's decision is attributable to trial strategy. [*See* Doc. No. 21 at 23]. "To overcome the presumption of reasonableness, a petitioner 'must show that counsel's representation fell below an objective standard of reasonableness.'" *Menzies v. Powell*, 52 F.4th 1178, 1196 (10th Cir. 2022) (quoting *Strickland*, 466 U.S. at 688). Petitioner argues that evidence of Petitioner's acquittal would have impugned A.C.'s credibility regarding past allegations and the current charges against Petitioner, as well as attacked the credibility of the Kelley witnesses. [Doc. No. 22 at 18]. Petitioner fails to demonstrate that his counsel's actions fell below an objective standard of reasonableness. Nor does Petitioner demonstrate that his counsel's omission "undermine[d] the confidence in the outcome." [Doc. No. 21 at 23 (quoting *Strickland*, 466 U.S. at 694)]. Despite Petitioner's speculation that "[t]he prejudice is obvious," the jury still could have found the witnesses credible despite

---

[3] When referencing the "clear and convincing" standard, the OCCA was referring to the standard to receive an evidentiary hearing on his ineffective assistance of counsel claims. [Doc. No. 16-1 at 7–8]. But the court clarified that "[w]hen we review and deny a request for an evidentiary hearing on a claim of ineffective assistance under the standard set for in Rule 3.11, we necessarily make the adjudication that Appellant has not shown defense counsel to be ineffective under the more rigorous federal standard set forth in *Strickland*." [*Id.* at 9–10].

evidence of Petitioner's acquittal. [Doc. No. 22 at 18]. The Court does not find the OCCA's opinion to be an unreasonable application of federal law.

## IV.     **APPEALABILITY**

Under Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability, Petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner can satisfy this standard by demonstrating that jurists of reason could debate whether the petition should have been resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Gonzalez v. Thaler*, 565 U.S. 134, 140–41 (2012). After considering this order, the R. & R., and the record, the Court finds that reasonable jurists could not debate the Court's decision. Because Petitioner cannot make the required showing under the statute and Supreme Court precedent, the Court declines to issue a certificate of appealability.

## V.     **CONCLUSION**

Upon its de novo review of the objected-to portions of the R. & R., the Court OVERRULES Petitioner's objections to the R. & R. and ACCEPTS the R. & R. in its entirety. The Court denies Petitioner's claims for habeas corpus relief. A separate judgment will follow. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED this 15th day of January 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE